(131 So. 454)

### FLOWERS v. STATE.
#### 4 Div. 738.

Court of Appeals of Alabama.
Dec. 16, 1930.

E. C. Orme, of Troy, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

SAMFORD, J.

The indictment in this case charged an offense under section 3479 of the Code of 1923. The court properly charged the jury on this statute and the law of burglary.

One of the essential issues in the crime charged is a "breaking." It is seriously insisted that there was no proof of "a breaking," and that therefore the defendant was entitled to the affirmative charge. As to this issue the evidence was that one of the upstairs windows to the house was open and there was some evidence tending to prove that defendant made his escape through that window, but whether this was the only window or door left open through which entry was made is not shown by any testimony, nor is there any evidence from which an inference might be legally drawn that defendant "broke into" the residence as alleged. Wilkerson, the owner of the house, testified that he and his wife went off that night and stayed until 1 o'clock, but as to whether, when they left, he closed the windows and doors, we are left without evidence. The corpus delicti was not proven. For that reason the defendant was entitled to the affirmative charge.

The evidence as to the identity of defendant, while somewhat confused and uncertain, was sufficient to go to the jury and for them to pass upon.

For the failure to give the general charge as requested by defendant the judgment is reversed, and the cause is remanded.

Reversed and remanded.